**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PAUL C. GBENOBA,
            *Plaintiff-Appellant,*

v.

MONTGOMERY COUNTY
DEPARTMENT OF HEALTH AND HUMAN
SERVICES,
            *Defendant-Appellee.*

No. 02-1988

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Frederic N. Smalkin, District Judge.
(CA-00-3163-S)

Submitted: February 26, 2003

Decided: March 17, 2003

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

William Ray Ford, Lisa Smith Sanders, Camp Springs, Maryland, for
Appellant. Charles W. Thompson, Jr., County Attorney, Sharon V.
Burrell, Principal Counsel for Self-Insurance Appeals, Heather A.
Mulloy, Assistant County Attorney, Rockville, Maryland, for Appel-
lee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Paul C. Gbenoba appeals the district court's orders granting the summary judgment motion of Montgomery County Department of Health and Human Services ("Employer") and denying his motion for reconsideration and to amend judgment. Gbenoba alleged that Employer discriminated against him by failing to promote him on several occasions because of his race and national origin. We affirm.

We review an award of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The evidence is viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Unlawful discrimination claims not based on direct evidence are analyzed under the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The district court found that Gbenoba established a prima facie case under this framework but that Employer then met its burden to articulate a legitimate nondiscriminatory reason why Gbenoba was not selected for the positions in question. *See Carter v. Ball*, 33 F.3d 450, 458 (4th Cir. 1994) (applying *McDonnell Douglas* criteria within the failure to promote context). We are not persuaded that the district court erred. Because Gbenoba failed to produce evidence sufficient to establish a genuine issue for trial as to whether Employer's proffered reason was pretextual, the district court properly granted summary judgment for Employer. *See id.*; *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-47 (2000).

Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*